# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VERONICA LEE CALER )
                                  ) No. 17-1688
   v.

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL
SECURITY

**OPINION AND ORDER**

**SYNOPSIS**

Plaintiff filed an application for social security disability benefits. She alleged disability due to mental impairments, with an alleged onset date of March 29, 2016. Her application was denied initially, and upon hearing by an administrative law judge ("ALJ"). The Appeals Council denied her request for review. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

**OPINION**

**I.    STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the

1

district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). Substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620, 86 S. Ct. 1018, 16 L. Ed. 2d 131 (1966). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted). Nonetheless, I am not required to read the ALJ's opinion "in a vacuum." Knox v. Astrue, No. No. 9-1075, 2010 U.S. Dist. LEXIS 28978, at *22 (W.D. Pa. May 26, 2010).

## II. THE PARTIES' MOTIONS

Plaintiff complains, primarily, that the ALJ chose to credit a non-examining consultant over her treating physician, Dr. Vassilenko. In particular, the ALJ rejected Dr. Vassilenko's opinion regarding anticipated absences from work.

The ALJ arrived at a residual functional capacity ("RFC") that included the following non-exertional limitations:

> She is limited to simple, routine, and repetitive tasks in a work environment free of fast-paced production requirements, involving only simple, work-related decisions, with few, if any, workplace changes. She can have no interaction with the general public. She can have occasional interaction with supervisors and coworkers, but no tandem tasks.

Plaintiff points to her two voluntary hospitalizations, which included a three-day stay in January, 2017, and a six-day stay in May, 2017. On May 17, 2017, following her discharge from the hospital, Dr. Vassilenko completed a questionnaire. Therein, he listed her diagnoses as bipolar disorder and borderline personality disorder, and opined to various functional limitations. He stated that she was "improved but still symptomatic" with treatment. He checked the box indicating that on average, he would anticipate Plaintiff's impairments or treatment to cause four or more days per month of absence from work.

The ALJ afforded Dr. Vassilenko's opinion "partial weight." She accepted his opinion that Plaintiff was limited to simple, routine work, and included an RFC limitation regarding interaction with the general public. In so doing, the ALJ noted potential internal inconsistencies in Dr. Vassilenko's opinions and records. The ALJ noted that Dr. Vassilenko sees Plaintiff for fifteen minutes per month; that her mental status exams following her May, 2017 hospitalization were generally normal or unremarkable and that her depression diagnosis, related to her May, 2017 hospitalization, was improved. The portion of Dr. Vassilenko's opinion that was expressly

rejected was his opinion regarding Plaintiff's absences. The ALJ observed the lack of a medical basis for this opinion, given Plaintiff's status as reflected in treatment records and Plaintiff's Global Assessment of Functioning score ("GAF"), reliance on which the ALJ qualified appropriately. The ALJ considered the entirety of Plaintiff's treatment records with Dr. Vassilenko, and Plaintiff's testimony regarding absences and resultant firing from a previous job in 2016. Plaintiff testified that she was treated for depression at the time, and didn't show up to work "three, maybe four" times in a month.

The opinion of Dr. Brace, the non-examining agency reviewer, was afforded "great weight," and the RFC was consistent with the limitations to which Dr. Brace opined. Dr. Brace noted that Plaintiff was able to complete a normal workday and workweek without interruptions from psychologically based symptoms" in settings with certain limitations, and listed that ability as "moderately limited." She further opined that Plaintiff was not significantly limited in her ability to "perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances." The ALJ accepted Dr. Brace's opinion as consistent with the medical record. At the time of Dr. Brace's opinion, the record included records of Plaintiff's mental health treatment from February 1, 2016 to February 13, 2017 from Primary Health Network, where Dr. Vassilenko practiced.

It is well-settled that an ALJ is entitled to accept the opinion of a state agency examiner and reject that of a treating physician, so long as she sufficiently states proper reasons for doing so. "The law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." Brown v. Astrue, 649 F.3d 193, 197 n.2 (3d Cir. 2011). Moreover, "an ALJ may conclude that discrepancies between the treating source's medical opinion, and the doctor's actual treatment notes, justifies giving a treating source opinion little weight in a

disability analysis." Michael v. Berryhill, No. 16--00658, 2018 U.S. Dist. LEXIS 890, at *25 (M.D. Pa. Jan. 3, 2018).

> An ALJ may reject the contradicted opinion of a treating or examining doctor by providing "specific and legitimate reasons that are supported by substantial evidence." Specific, legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, inconsistency with a claimant's daily activities, or internal inconsistency.

Rita L. S. v. Comm'r of Soc. Sec., 16-01981, 2018 U.S. Dist. LEXIS 156245, at *19 (D. Or. Sep. 13, 2018).

I note, too, that "[f]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best." Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993). Moreover, "[t]he fact that the state agency physician did not have access to the entire evidentiary record — because the record was incomplete at the time of the assessment — is inconsequential [if] the ALJ considered the entire evidentiary record and substantial evidence supports his determination." Hopkins v. Colvin, No. 15-440, 2015 U.S. Dist. LEXIS 153092, at *4 (W.D. Pa. Nov. 12, 2015). As stated supra, the possibility of drawing two inconsistent conclusions from the record evidence does not mean that the ALJ's decision is not properly supported; such a finding would exceed my authority under the deferential standard of review applicable here. The ALJ's treatment of Dr. Brace's and Dr. Vassilenko's opinions regarding projected absences was not error.

## CONCLUSION

While I empathize with Plaintiff's apparent difficulties, applicable standards lead to the conclusion that the ALJ's decision is supported by substantial evidence. Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

BY THE COURT:

_____
Donetta W. Ambrose

Senior Judge, U.S. District Court

Dated: February 15, 2019

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VERONICA LEE CALER )
) No. 17-1688
v. )

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL
SECURITY

## ORDER

AND NOW, this 15th day of February, 2019, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED, and Defendant's GRANTED.

BY THE COURT:

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court